IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| NECA-IBEW WELFARE TRUST FUND ) <br> NECA-IBEW PENSION TRUST FUND ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ELECTRICAL BROTHERS, INC. ) <br> ) <br> Defendant. ) | No. |

### COMPLAINT

NOW COME the Plaintiffs, NECA-IBEW WELFARE TRUST FUND *et al*, by and through its attorneys, Cavanagh & O'Hara LLP, complaining of the Defendant, complaining of the Defendant, ELECTRICAL BROTHERS, INC. and allege as follows:

### Parties

1.  Plaintiff, NECA-IBEW Welfare Trust Fund, is an employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA, and administered pursuant to the terms and provisions of an Agreement and Declaration of Trust, as amended and restated (the "trust agreement").

2.  A copy of the NECA-IBEW Welfare Trust Fund's trust agreement is attached hereto as Exhibit "1", and fully incorporated herein and made a part hereof by this reference.

3.  Plaintiff, NECA-IBEW Pension Trust Fund, is an employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA, and administered pursuant to the terms and provisions of an Agreement and Declaration of Trust, as amended and restated (the "trust agreement").

4.  A copy of the NECA-IBEW Pension Trust Fund trust agreement is attached hereto

1

as Exhibit "2", and fully incorporated herein and made a part hereof by this reference.

5. Plaintiff, NECA-IBEW Pension Benefit Trust Fund, is an employee benefit fund maintained in accordance with the provisions of ERISA and the LMRA, and administered pursuant to the terms and provisions of an Agreement and Declaration of Trust, as amended and restated (the "trust agreement").

6. The Defendant, ELECTRICAL BROTHERS, INC. is an "Employer" engaged in an industry within the meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14).

7. The business address for Defendant ELECTRICAL BROTHERS, INC.is Shelbyville, Illinois.

## Jurisdiction and Venue

8. This is a civil action under the Employee Retirement Income Security Act of 1974, as amended from time to time and codified at 29 U.S.C. §1001 *et seq.* ("ERISA"), and the Labor Management Relations Act of 1947, as amended from time to time and codified at 29 U.S.C. §141 *et seq.* ("LMRA").

9. Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action. (*See* 29 U.S.C. §1132).

10. Venue for civil actions like the present action is proper in a federal District Court where the breach took place, where a defendant resides or may be found, or where the plan is administered. (*See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2)).

11. Plaintiffs, NECA-IBEW Welfare Trust Fund and NECA-IBEW Pension Trust Fund's plans are administered in Macon County, Illinois at the address of 2120 Hubbard Avenue, Decatur, Illinois 62526-2871, which is located within the venue of the District Court for the Central District of Illinois, Urbana Division.

## Count I

## ALL PLAINTIFFS

## COMPEL PAYROLL EXAMINATION

12. Pursuant to the trust agreement, Plaintiffs have the right to examine the payroll books and records of the Defendant to determine whether the Defendant is paying Plaintiffs all required contributions under the collective bargaining agreement.

13. Plaintiffs demanded that Defendant provide its relevant payroll and other business records for purposes of an audit for the time period of January 1, 2016, through current, but Defendant has refused to provide Plaintiffs with its payroll and other business records for purposes of an audit.

14. Defendant owes Plaintiffs contributions for all unreported and unpaid hours of work performed by its employees for the time of January 1, 2016, through current.

15. Pursuant to the applicable provisions of ERISA, and the terms of the Plaintiffs' trust agreement, Defendant owes interest on delinquent contributions and, additionally, liquidated damages.

16. Defendant breached the provisions of the trust agreement by refusing to provide Plaintiff with its payroll and other business records for the purpose of an audit.

17. Pursuant to the terms of the trust agreement, the Defendant is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by Plaintiffs in the collection of delinquent contributions.

18. Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of Plaintiffs in this matter, the Court shall award Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorneys' fees. More specifically, §1132(g)(2) of ERISA provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions

\*       \*       \*

**(2)** In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –

**(A)** the unpaid contributions,

**(B)** interest on the unpaid contributions,

**(C)** an amount equal to the greater of –

**(i)** interest on the unpaid contributions, or

**(ii)** liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

**(D)** reasonable attorney's fees and costs of the action, to be paid by the defendant, and

**(E)** such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

(*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiffs pray as follows:

A.   That judgment is entered in favor of Plaintiffs, NECA-IBEW WELFARE TRUST FUND et al, and against ELECTRICAL BROTHERS, INC. for all fringe benefit contributions, interest and liquidated damages owed to Plaintiffs for the time of January 1, 2016, through current.

B.   That ELECTRICAL BROTHERS, INC. is ordered to provide and/or make available to Plaintiff or its auditor, all payroll and other business records of ELECTRICAL

BROTHERS, INC. for the time period of January 1, 2016, through current, in order for Plaintiff to determine the fringe benefit contributions and other sums owed by ELECTRICAL BROTHERS, INC. to Plaintiffs.

      C.      That Plaintiff is granted leave of Court to file supplemental proofs establishing the judgment sum for contributions determined to be due and owing for the time period of January 1, 2016, through current as well as for the liquidated damages, interest, audit costs, attorneys' fees and costs to which Plaintiff is entitled to pursuant to the trust agreement and ERISA;

      D.      That ELECTRICAL BROTHERS, INC. is ordered to pay to Plaintiffs its reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

      E.      That ELECTRICAL BROTHERS, INC. is ordered to pay to the Plaintiff all of Plaintiff's costs attendant to these proceedings;

      F.      That Plaintiff is awarded, at Defendants' cost, such further and other relief as may be available under ERISA, the collective bargaining agreement, the trust agreement or as is otherwise just and equitable.

      Respectfully submitted,

      NECA-IBEW WELFARE TRUST FUND
      NECA-IBEW PENSION TRUST FUND,
      Plaintiff,

      By:     s/ Jacob A. Blickhan
           JACOB A. BLICKHAN
           CAVANAGH & O'HARA LLP
           Attorneys for Plaintiff
           2319 West Jefferson
           Springfield, IL 62702
           Telephone (217) 544-1771
           Facsimile (217) 544-9894
           jacobblickhan@cavanagh-ohara.com